Matter of Endo v Liebold Contr., Inc. (2019 NY Slip Op 00593)





Matter of Endo v Liebold Contr., Inc.


2019 NY Slip Op 00593


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2016-04170
 (Index No. 8356/15)

[*1]In the Matter of Yoshitsugu Endo, appellant,
v
Liebold Contracting, Inc., et al., respondents.


Michael B. Schulman & Associates, P.C., Melville, NY (Miro Lati of counsel), for appellant.
Donald J. Kavanagh, Jr., Sea Cliff, NY, for respondent Liebold Contracting, Inc.



DECISION & ORDER
In a proceeding, in effect, pursuant to Lien Law § 19(6) to summarily discharge a mechanic's lien, the petitioner appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered March 8, 2016. The order granted the respondents' motion for leave to reargue their opposition to that branch of the petition which was for an award of attorneys' fees, which had been granted in an order of the same court entered October 21, 2015, and, upon reargument, vacated that portion of the order entered October 21, 2015, and thereupon denied that branch of the petition.
ORDERED that the order entered March 8, 2016, is affirmed, with costs.
On or about August 10, 2015, the respondents, Liebold Contracting, Inc., and Arthur F. Liebold III, filed a mechanic's lien against property owned by the petitioner in Sea Cliff on approximately $15,000 in unpaid labor and materials.
The petitioner, after failing to persuade the respondents to remove the mechanic's lien voluntarily upon proof of payment in full, commenced this proceeding, by order to show cause, in effect, pursuant to Lien Law § 19(6) to summarily discharge the mechanic's lien and for an award of attorneys' fees. In an order entered October 21, 2015, the Supreme Court granted the petition and awarded attorneys' fees to the petitioner.
The respondents moved for leave to reargue their opposition to that branch of the petition which was for an award of attorneys' fees and asked that, upon reargument, that branch of the petition be denied. By order entered March 8, 2016, the Supreme Court granted the respondents' motion and, upon reargument, vacated so much of the order entered October 21, 2015, as awarded attorneys' fees to the petitioner, and thereupon denied that branch of the petition. The petitioner appeals. We affirm.
Contrary to the petitioner's contention, the Supreme Court did not improvidently exercise its discretion in granting the respondents' motion for leave to reargue their opposition to that branch of the petition which was for an award of attorneys' fees and, upon reargument, vacating its prior award of attorneys' fees to the petitioner. An award of attorneys' fees was not warranted [*2]under the circumstances herein (see 22 NYCRR 130-1.1; Lien Law § 39-a).
The petitioner's remaining contentions do not require reversal.
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court